IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

CHAMBERS OF
THE HONORABLE GINA L. SIMMS
UNITED STATES MAGISTRATE JUDGE

6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770



May 27, 2025

LETTER TO COUNSEL

      RE:    *Thomas C. v. Bisignano,*[1] *Commissioner of the Social Security Administration*
             Civ. No. GLS-22-02555

Dear Counsel:

On April 3, 2025, Counsel for the Plaintiff, Arjun K. Murahari, Esq. ("Mr. Murahari") filed a petition seeking an award of attorney's fees pursuant to Social Security Act, 42 U.S.C. § 406(b). (ECF No. 24, "Line"). On April 14, 2025, the Commissioner of the Social Security Administration ("the Commissioner" or "the Agency") filed a response to the Line, neither supporting nor opposing the requested relief. (ECF No. 25). Rather, the Commissioner defers to the judgment of the Court to determine whether the fee request is reasonable. (*Id.*, p. 2). This matter has been fully briefed, and I find that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2023). For the reasons set forth below, the Line will be **DENIED**.

I.    BACKGROUND

On October 6, 2022, Plaintiff petitioned this Court to review the Social Security Administration's final decision to deny his claim. (ECF No. 1). Plaintiff's case was fully briefed before this Court, including the filing of a motion for summary judgment, the Commissioner's opposition thereto, and a Reply from Plaintiff. (ECF Nos. 13, 15, 16). On January 31, 2024, this Court issued a Letter Opinion reversing in part the Agency's judgment, consistent with sentence four of 42 U.S.C. § 405(g), and remanding the Plaintiff's claim to the Agency for further proceedings. (ECF No. 17).[2]

On March 7, 2024, Mr. Murahari petitioned this Court for attorney's fees. (ECF No. 19). On March 14, 2024, the parties filed a Stipulation as to the payment of Mr. Murahari's attorney's fees. (ECF No. 20). On March 18, 2024, the Court awarded Mr. Murahari attorney's fees in the amount of $4,000.00 for worked performed on Plaintiff's case. (ECF No. 21). On March 26,

---

[1] On May 6, 2025, Frank Bisignano became the Commissioner of the Social Security Administration. Accordingly, consistent with Fed. R. Civ. P. 25(d), Commissioner Bisignano has been substituted as the Defendant in this case.
[2] In its Letter Opinion remanding the case for further proceedings, the Court provides the full procedural background of this case. (ECF No. 17, pp. 1, 2).

2024, the Court issued an Amended Order clarifying that the award of $4,000.00 was pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. On December 16, 2024, Plaintiff received a favorable decision from the Agency, which resulted in an award of past-due Social Security disability benefits. (ECF No. 24-1). In total, Plaintiff was awarded $41,399.20 in past-due benefits. (*See* ECF No. 24-2, p. 2).

On April 3, 2025, Mr. Murahari filed a request seeking $10,349.80 in attorney's fees, which he claims represents 25 percent of Plaintiff's benefits award. (*See* Line). Mr. Murahari represents that a partial reimbursement under the EAJA is warranted as the U.S. Department of Treasury, Bureau of the Fiscal Service ("Fiscal Service") garnished $1,321.44 ($960.50 + $360.94) of the $4,000.00 payment from the Agency. (*See* ECF No. 24-3). Accordingly, Mr. Murahari only received $2,678.56 of the $4,000.00 awarded by the Court. (*See* Line). On April 14, 2025, the Agency filed a response, in which the Agency represents that it "neither supports nor opposes counsel's request for attorney's fees," but requests that the Court analyze whether the amount sought is "reasonable." (ECF No. 25, p. 2).

## II. STANDARD OF REVIEW

Under the Social Security Act, an attorney may recover a "reasonable fee" for his representation of an individual who receives a favorable decision related to an application for disability benefits. 42 U.S.C. § 406(b)(1). However, an attorney's fee may not exceed 25 percent of an individual's past-due benefits award. *Id.*

When an attorney seeks an award pursuant to a contingency fee agreement, a court has an obligation to independently review the agreement to ensure that it will "yield reasonable results," i.e., a reasonable fee is being sought, given the facts of the case. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). A court enjoys broad discretion when deciding what award, if any, is reasonable. *See Mudd v. Barnhart*, 418 F.3d 424, 427 (4th Cir. 2005).

To determine whether a request for attorney's fees pursuant to 42 U.S.C. § 406(b) is reasonable, a court may consider a variety of factors such as: (1) whether the fee is "out of line" with the character of the representation and the results achieved; (2) any delay caused by counsel that caused past-due benefits to accumulate during the pendency of the case; and (3) whether the past-due benefits award is "large in comparison" to the time counsel spent on the case, i.e., whether the requested fee would result in a "windfall." *See Mudd*, 418 F.3d at 428 (citing *Gisbrecht*, 535 U.S. at 808 ("If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order").

Following *Mudd*, in this District, courts have adopted the practice of evaluating whether a fee award will result in a "windfall" by first calculating the hourly rate that will result from the contingency fee agreement, i.e., the contingency fee award divided by the hours actually worked on the matter. *See, e.g., Myisha G. v. Saul*, Civ. No. DLB-19-720, 2021 WL 2661503, at *1 (D. Md. June 29, 2021). These courts then compared the hourly rate to hourly rates outlined in the Local Rules of the United States District Court for the District of Maryland ("Local Rules"),

*Thomas C. v. Bisignano, Commissioner of the Social Security Administration*
Civ. No. GLS-22-02555
May 27, 2025
Page 3

Appendix B, which were historically deemed presumptively reasonable.[3] If the hourly rate resulting from a contingency fee agreement in a particular case far exceeded the then-presumptively reasonable rate set forth in the Local Rules, it was less likely that the requested fee was reasonable. *Id*. However, in cases where an attorney's advocacy results in a favorable decision, courts in this District routinely approved hourly rates that were "much higher" than those outlined in the Local Rules. *See, e.g.*, *id.* at *2; *Gregory K. v. Saul*, Civ. No. DLB-19-2235, 2021 WL 4391263, at *2 (D. Md. Sept. 24, 2021); *Craig C. v. Comm'r Soc. Sec. Admin.*, Civ. No. SAG-17-2782, 2019 WL 2076247, at *2 (D. Md. May 10, 2019); *Steven S. v. Comm'r Soc. Sec. Admin.*, Civ. No. JMC-19-1055, 2022 WL 18024793, at *2 (D. Md. Jan 24, 2022).

Regarding the Guidelines, the Fourth Circuit has recently held that a court "may consider, but is not bound by" the Guidelines. *De Paredes,* 2025 WL 1107398, at *2 (4th Cir. 2025)(citing *Newport News Shipbuilding & Dry Dock Co. v. Holiday*, 591 F.3d 219, 229 (4th Cir. 2009)). Thus, when a court is faced with a fee petition and is determining whether a fee rate is "reasonable," it may not treat the Guidelines as "'presumptively reasonable' and require special justification to deviate from [them]." *De Paredes*, 2025 WL 1107398, at *2 (further citations omitted). Rather, a court "must consider all relevant evidence to determine 'the prevailing market rates in the relevant community'. . . including lawyer affidavits, fee awards in similar cases, general surveys, fee matrices, and even its 'own personal knowledge.'" *De Paredes*, 2025 WL 1107398, at *2 (further citations omitted). The Court is not aware of any cases interpreting petitions for attorney's fees pursuant to the EAJA, where an attorney's effective hourly rate exceeds our Guidelines. Nonetheless, the Court finds that it must still examine the reasonableness of the hourly rate.

Furthermore, although a court may only award fees under the Social Security Act for "court-related work," in performing its "reasonableness inquiry," a court may also consider the legal work performed by counsel when the matter was before the Agency. *See Myisha G.*, 2021 WL 2661503, at *1. This is because that legal work can inform a court about, e.g., the complexity of the case, the lawyering skills necessary to provide representation, and the significance of the results achieved. *Myisha G.*, 2021 WL 2661503, at *1 (citing *Mudd*, 418 F.3d at 428).

Finally, if a court finds that an attorney is entitled to a fee award under the Social Security Act, and such attorney has already received an award for attorney's fees under the EAJA, then the attorney must reimburse his client the smaller of the two fees. *Gisbrecht*, 535 U.S. at 796; *Stephens ex rel. R.E. v. Astrue*, 565 F.3d 131, 135 (4th Cir. 2009).

## III.   ANALYSIS

Mr. Murahari does not provide any argument in support of the Line.  Instead, Mr. Murahari merely provides a brief summary of the benefits Plaintiff received on remand and informs the Court that he is seeking 25% of the total past-due benefits award. In addition, Mr. Murahari

---

[3] Although they do not govern Social Security cases, the Local Rules prescribe guidelines for determining attorney's fees in certain cases, which are instructive in evaluating the reasonableness of the effective hourly rate in this case. *See* Local Rules, App'x B, n. 1 (D. Md. 2023) (stating that Local Rules do not govern "social security and Prisoner Litigation Reform Act cases").

attached documents pertinent to the administrative proceedings and correspondence from the Agency. (*See* ECF Nos. 24 through 24-3).

Upon review of the Line, the Court finds that Mr. Murahari's Line is untimely and, therefore, must be denied. Attached to the Line is the "Notice of Award" letter which notified the Plaintiff of the favorable award decision.[4] (ECF No. 24-2). The letter is dated February 16, 2025. (*Id.*). Mr. Murahari filed the Line on April 3, 2025. (ECF No. 24). The Local Rules set forth the timing requirements related to motions for attorney's fees, providing the following:

> [T]he motion **must** be filed **within thirty (30) days of the date of the Notice of Award letter** sent to the claimant and the attorney at the conclusion of the Social Security Administration's past-due benefit calculation.

*See* Local Rule 109.2(c) (emphasis added). Per the Local Rule, then, Mr. Murahari's petition seeking attorney's fees was due by March 18, 2025. When Mr. Murahari filed the Line on April 3, 2025, it was two weeks late, and he offered no explanation as to why it was untimely. Indeed, he never cited to the Local Rules. *See* ECF No. 24.

The Local Rules also make clear that "[n]oncompliance with these time limits shall be deemed to be a waiver of any claim for attorney's fees." *See* Local Rule 109.2(a). Thus, in the absence of any reasonable explanation as to why the Line is untimely, the Court will not ignore the clear language of the Local Rules. In short, on this record, the Court finds that Mr. Murahari has waived his claim for attorney's fees. *See Matthews v. Colvin*, Civ. No. SAG-09-1410, 2014 WL 309645, at *2 (D. Md. Jan. 24, 2014) ("His November 19, 2013, petition was submitted sixty-three days after the date of the Notice of Award, thereby clearly violating the thirty-day deadline imposed by Local Rule 109.2(c). In accordance with Local Rule 109.2(a), his non-compliance is deemed to be a waiver of any claim for attorney's fees"); *see also Currier v. Colvin*, Civ. No. SAG-10-805, 2014 WL 4232727, at *2 (D. Md. Aug. 22, 2014) (petition submitted seventy-one days after award untimely); *Troy Lee H. v. Kijakazi*, Civ. No. GLS-20-3009, 2023 WL 6439443, at *3 (D. Md. Oct. 2, 2023)(untimely filed petition constitutes waiver of right to attorney's fees). Accordingly, Mr. Murahari's request is denied.

### IV.   CONCLUSION

For the reasons set forth above, the Line is **DENIED.** The Clerk of the Court is directed to **CLOSE** this case.

---

[4] On February 16, 2025, the Agency mailed a "Notice of Change in Benefits" letter to the Plaintiff that "replace[d] [the Agency's] previous letter dated January 26, 2025;" and gave the Plaintiff "new information" about his past-due benefits. (*Id*). Therefore, the Court views the Agency's letter dated February 16, 2025 as the operative "Notice of Award."

*Thomas C. v. Bisignano, Commissioner of the Social Security Administration*
Civ. No. GLS-22-02555
May 27, 2025
Page 5

    Despite the informal nature of this letter, it should be flagged as an opinion and docketed as such. A separate Order follows.


Sincerely,

/s/
_____
The Honorable Gina L. Simms
United States Magistrate Judge